UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **GEORGIA S. DUPREE,** | |
| Plaintiff, | |
| | CIVIL ACTION FILE |
| vs. | |
| | NO.: 1:14-CV-17(WLS) |
| **WORTH COUNTY BOARD OF EDUCATION** | |
| Defendant. | |

___

## COMPLAINT
___

COMES NOW, GEORGIA S. DUPREE ("Plaintiff" or "Dupree"), Plaintiff in the above-captioned matter, and alleges as follows:

### NATURE OF CLAIM

1.

Plaintiff brings this action against Defendant WORTH COUNTY BOARD OF EDUCATION ("Defendant") for the violation of Section 216(b) of the Fair Labor Standards Act ("FLSA")

### PARTIES

2.

Plaintiff is an individual who resides in Doerun, Worth County, Georgia.

3.

Plaintiff was an hourly-paid full time employee whom was employed with Defendant during the time period of September 1, 1992 through October 26, 2012.

4.

Plaintiff has suffered damages based on the policies and/or practices intentionally instituted by Defendant in violation of the FLSA.

5.

At all times related to Defendant's violation of the FLSA, Plaintiff was employed with as a secretary with the Transportation Department of Defendant.

6.

Defendant is the local board of education for and in Worth County, Georgia located at 103 Eldridge Street, Sylvester, Worth County, Georgia 31791. Service of process may be perfected by serving Dr. Barbara Thomas, Worth County Board of Education Superintendent.

**JURISDICTION AND VENUE**

7.

This action is brought under the FLSA, 29 U.S.C. § 201 et seq., and specifically Section 216(b) of the FLSA to remedy the violations of the FLSA.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8.

Venue is proper in the Court pursuant to 28 U.S.C. § 1391.

**BACKGROUND**

9.

At all times material to the this action, Plaintiff was an "employee" of Defendant as defined by Section 203 of the FLSA and worked for Defendant within the two (2) years preceding filing of this Complaint.

10.

The wage and overtime provision of FLSA, as set forth in §§ 206 and 207 of the FLSA apply to Defendant.

11.

Plaintiff worked more than forty (40) hours during numerous work weeks while employed by Defendant for which she was not fully compensated and/or for which she was improperly paid at rates less than one and one-half (1½) times her normal hourly rate.

12.

Defendant instituted policies and/or practices to unlawfully avoid the wage and overtime provisions of the FLSA, and thereby willfully denied Plaintiff overtime wages to which she was entitled.

13.

During all times pertinent, Plaintiff was paid an hourly rate of $12.75 per hour.

14.

Defendant willfully violated the overtime provisions of the FLSA as follows:

(a) Beginning in 2008, Plaintiff worked approximately 10 hours of overtime each week through the time she was terminated;

(b) Specifically, during the summer months beginning in 2008, Plaintiff worked 6:30 a.m. through 5:00 p.m., Monday through Friday and during non-summer months, Plaintiff worked 7:30 a.m. through 4:30 p.m.; and

(c) Plaintiff was instructed to inaccurately record her work day as eight (8) per days instead of the actual hours she worked.

15.

Defendant violated the overtime provisions of the FLSA, which resulted in damages to Plaintiff in the form of unpaid overtime wages, incurred and incurring costs, and reasonable attorney's fees.

16.

As a result of Defendant's overtime pay violations of the FLSA, Plaintiff is entitled to recover all unpaid overtime wages.

17.

In addition and as a result of Defendant's overtime pay violations of the FLSA, Plaintiff is entitled to recover from Defendant an additional amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and/or prejudgment interest.

18.

Plaintiff is also entitled to an award of attorney's fees pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief:

1. that Judgment be entered in favor of Plaintiff and against Defendant on all Counts in this Complaint in that Plaintiff be awarded her actual damages and liquidated damages as set forth in 29 U.S.C. § 216, and that such damages such be enhanced as permitted by law; and that punitive damages be assessed to Defendant to the extent permitted by law;

2. that Plaintiff be awarded all costs and fees incurred with connection in pursuing these actions including, but not limited to, attorneys fees;

3. that Plaintiff be granted a trial by jury on all issues triable by a jury; and

4. that Plaintiff be awarded such other and further relief as the Court may find appropriate under the circumstances.

Respectfully submitted, this 27th day of January, 2014.

**PERRY & WALTERS, LLP**

By:  /s/ Kim M. Minix
KIM M. MINIX
Georgia State Bar No.: 510580
212 North Westover Blvd
Post Office Box 71209
Albany, Georgia 31708-1209
Telephone: (229) 432-0017
Facsimile: (2290 436-1417
Counsel for Plaintiff
kminix@perrywalters.com