IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| GEORGIA S. DUPREE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:14-CV-17 (WLS) |
| | : | |
| WORTH COUNTY BOARD OF EDUCATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Presently pending before the Court is the Parties' Approval of Settlement. (Doc. 34.) For the following reasons, the Parties' Motion for Approval of Settlement is **GRANTED**.

## PROCEDURAL AND FACTUAL BACKGROUND

This case was first initiated by Plaintiff on January 27, 2014. (Doc. 1.) On November 25, 2014, after receiving leave from the Court, Plaintiff filed an Amended Complaint. (Doc. 22.) Therein, Plaintiff alleges that Defendant is in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and also alleges that Defendant violated Title VII, 42 U.S.C. § 2000(e), *et. seq.*, by discriminating against Plaintiff based on her race and gender. (*Id.*) Plaintiff's Complaint also notes that for twenty years Plaintiff was employed by Defendant as a Secretary and paid $12.75 an hour. (Doc. 22 at ¶¶ 6, 9.) As acknowledged in Defendant's answer to Plaintiff's Complaint, Plaintiff was recognized as an "employee" under FLSA. (Doc. 25 at ¶ 8.) In addition to Plaintiff's race and gender discrimination claims, Plaintiff's Complaint asserted that she was not fully compensated for working over forty hours in violation of FLSA. (Doc. 22 at ¶ 10.) On September 23, 2015, the Parties' filed their Joint Motion for Settlement Approval and for Entry of Stipulated Judgment. (Doc. 34.) The Parties request that their settlement agreement be approved by the Court and that Defendant's request for attorney's fees in connection with their Motion to Compel be

withdrawn. (Doc. 34-2 at 7.) The Court will now consider the Parties' Motion for Settlement and Stipulated Judgment in accordance with FLSA.

## ANALYSIS

FLSA was enacted to protect workers from substandard wages and oppressive work hours. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). When an employee brings a private action for back wages under FLSA and a settlement is reached, a district court can only approve of that settlement after scrutinizing the settlement for fairness. *Id.* at 1353. After reviewing a proposed settlement agreement including a FLSA claim, courts are encouraged to approve if the settlement agreement promotes the court's general policy of encouraging the settlement of litigation. *Id.* at 1354. To determine whether or not a settlement is fair, courts should consider: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and amount of discovery completed; (4) the probability of Plaintiff's success; (5) scope of possible recovery; and (6) opinions of counsel. *Leverso v. SouthTrust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 (11th Cir. 1994). In addition to evaluating the settlement agreement as it pertains to the existing claims, FLSA also requires judicial review of the reasonableness of counsel's legal fees to assure that counsel is compensated adequately and there is no conflict of interest tainting the amount the wronged employee recovers under the settlement agreement. 29 U.S.C. § 216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985).

The Court is convinced the FLSA settlement agreement is fair. The Court finds that there is no suggestion of fraud or collusion as both Parties have appeared to act in good faith throughout the proceedings and addressed the issue of attorney fees separate from Plaintiff's claims. Given the discrepancy between Plaintiff's assertions regarding the hours of overtime she worked and records held by Defendant that allegedly suggest otherwise, the Court accepts the Parties view that the length of reviewing all evidence obtained throughout fact discovery, which is now complete, would be considerable relative to the damages Plaintiff requests. The settlement agreement attempts to circumvent post discovery proceedings while resolving this case at a point where both Parties are fully able to assess the

case on its merits since discovery has ended. The Court also finds that since Plaintiff would receive $3,825 in back pay as a result of her own calculations within the settlement agreement, and that Counsel for both Parties have reviewed the agreement before the Court thoroughly, it is reasonable for both Court and counsel to conclude that Plaintiff would recover damages comparable to those she might have received at trial. As a consequence, the Court finds that Plaintiff's FLSA claim is fair and reasonable.

  The Court determines that the $2,000 in attorney's fees awarded to Defendant's Counsel within the settlement agreement, handled separately from Defendant's claim for back pay, is also fair. As explained by the Eleventh Circuit, when a statute or rule of law permits an award of reasonable attorney's fees to the prevailing party, a court should utilize the lodestar method in computing the appropriate fees. *Norman v. Hous. Auth. of the City of Montgomery, Ala.*, 836 F.2d 1292, 1298–99 (11th Cir. 1988) (citations omitted).

  Under the lodestar method, a court determines the objective value of a lawyer's services by multiplying the hours reasonably expended by a reasonable hourly rate. *Id.* at 1299 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A "reasonable hourly rate" is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* The burden is on the party seeking fees to produce "specific and detailed evidence" demonstrating the reasonableness of the requested amount." *Id.* at 1303. The burden to prove a reasonable hourly rate is not a light one. "Hours reasonably expended" are those that are not "excessive, redundant, or otherwise unnecessary" and are performed by an attorney who has exercised "billing judgment." *Id.* at 1301 (quoting *Hensley*, 461 U.S. at 434, 437). Therefore, "a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in similar cost benefit analysis." *Id.*

  This case has been before the Court for approximately two years. According to the Parties' proposed settlement agreement, $2,000 dollars incorporates all attorney's fees and costs allocated to Plaintiff's Counsel by Plaintiff during that time. (Doc. 34-1 at 2.) Plaintiff's Counsel, Kim Minix, submits to the Court that he has spent 39.9 hours working on his client's case. Given that Mr. Minix would be compensated 2,000 dollars, his hourly rate

3

equates to about $50.13 per hour, certainly a fair rate. (Doc. 37.) Furthermore, given the fact the parties indicated that attorney's fees were handled separately from settlement of the Plaintiff's FLSA claims, the Court does not see any indication of a conflict of interest between Plaintiff's Counsel and Plaintiff regarding Plaintiff's total recovery and the attorney's fees awarded Mr. Minix.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Parties Motion for Approval of Settlement. (Doc. 34.) Therefore, it is **ORDERED** that Plaintiff's Complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** upon payment of the settlement amount and attorney's fees separately determined. Defendant's request for attorney's fees in connection with their Motion to Compel (Doc. 20) is withdrawn as stipulated and **DENIED AS MOOT**.  (*See* Docs. 20, 27, 28.)

**SO ORDERED**, this  23rd  day of November, 2015.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**